IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| ORAN L. HAGAR, III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-191-A |
| | § | |
| CITIMORTGAGE, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

On February 22, 2011, the above-captioned action was initiated by Oran L. Hagar, III, against defendant, CitiMortgage, Inc., in the District Court of Tarrant County, Texas, 141st Judicial District. By notice of removal filed March 23, 2011, defendant removed the action to this court, alleging that this

court had subject matter jurisdiction by reason of diversity of citizenship, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Defendant acknowledged in the notice of removal that plaintiff in the state court petition did not allege a specific amount in controversy. However, defendant asserted that the substitute trustee's deed from the foreclosure sale of plaintiff's property, showing the sale of the property for the amount of $373,677.32, established the amount in controversy.

Because of a concern that defendant had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the court on March 25, 2011, ordered defendant to file an amended notice of removal, together with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount.

Defendant filed its second amended notice of removal on April 6, 2011. The allegations in the amended notice of removal relative to the amount in controversy were substantially similar to those in the original notice of removal, with the additional

contention that because plaintiff seeks to set aside a foreclosure sale, the value of the land is the amount in controversy. Defendant further argues that under Texas law, the price at which the property is sold establishes both its fair market value and its actual value, and that the substitute trustee's deed from the foreclosure sale is at least one indicator of the value of plaintiff's property.

Also attached to the amended notice of removal is a substitute trustee's deed showing the property sold for the amount of $373,677.32. This document, in defendant's view, establishes the value of the property, and thus the amount in controversy, as in excess of $75,000.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723

(5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[1] <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. <u>Manguno</u>, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that

---

[1] The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

[A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. See, e.g., Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 640 n.4 (5th Cir. 2003).

III.

## The True Nature of Plaintiff's Claims

The petition by which plaintiff initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are similar to those in many state court petitions that are brought before this court by notices of removal in which the plaintiff makes generalized and legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this

kind, the court has undertaken an evaluation of the true nature of plaintiff's claims. Having done so, and having considered the authorities and arguments cited by defendant in the amended notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

Defendant relies on <u>Frontera Transportation Co. v. Abaunza</u>, 271 F. 199, 201 (5th Cir. 1921), for the proposition that in a suit to set aside a foreclosure, the value of the land is the amount in controversy, citing the pertinent portion of the opinion:

> Where a suit was brought to clear a title and set aside a deed of trust and vacate a deed executed to a purchaser, under a foreclosure, and, if this was not done, then to allow complainant to redeem on payment of the mortgage debt, interest, and costs (less than the jurisdictional amount), the value of the lands, not the amount required to redeem, is the amount in controversy.

<u>Id.</u> The court finds <u>Abaunza</u> distinguishable from the instant action. Unlike the relevant facts in the quoted portion of the Fifth Circuit's opinion, plaintiff in the instant action does not seek to quiet title to the property, nor does he alternatively seek to tender the outstanding mortgage debt still owed by him on the property.

6

Instead, plaintiff in his state court petition acknowledges that he was "behind on the account at issue," and contends that he and defendant had reached an agreement whereby defendant would suspend foreclosure proceedings upon payment by plaintiff of $10,000, payable in four equal installments. Second Am. Notice of Removal, Ex. B-2 at 2. However, following payment by plaintiff of the first installment, defendant allegedly refused to accept further payments and proceeded with the foreclosure.

Plaintiff through the litigation seeks to set aside the foreclosure sale and any possible eviction action, and "requir[e] Defendant to reinstate the loan according to the terms of the agreement between Plaintiff and Defendant." Id., Ex. B-2 at 6.[2] In other words, plaintiff by way of relief seeks to return the parties to the position they allegedly were in prior to the foreclosure. Plaintiff is thus not litigating over ownership of the property--only over his right to remain in the property in the hope that he and defendant can reach some agreement regarding plaintiff's payment obligations. No information has been provided to the court that would enable the court to place a value on whatever interest plaintiff seeks to protect by this

---

[2] Although the state court petition purports to seek injunctive relief, the petition is silent as to what plaintiff seeks to enjoin and whether such relief is temporary or permanent.

action.

Thus, defendant has not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

For the reasons given above,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED May 12, 2011.

_____
JOHN McBRYDE
United States District Judge